UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZABETH HEALY,<br><br>    Plaintiff,<br><br>    v.<br><br>FORTIS BENEFITS INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 14-cv-00832-RS (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 36, 38 |

## I. INTRODUCTION

Pending before the Court are two joint discovery letters regarding Plaintiff Lizabeth Healy's ("Plaintiff") Request for Production of Documents and Notice of Deposition served on Defendant Union Security Insurance Company ("Union") (formerly known as Fortis Benefits Insurance Company). Dkt. Nos. 36, 28. The issue presented concerns the limits of discovery in an Employee Retirement Income Security Act ("ERISA") action, 29 U.S.C. § 1001 et seq., where the Court's standard of review is de novo.[1] Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## II. BACKGROUND

The parties provided the following joint factual summary. Dkt. No. 26. at 1-2. Plaintiff was employed by Lighthouse Capital Partners, Inc. ("Lighthouse") from 1995 through 2011. Effective August 1, 2004, Union issued a group disability insurance policy to Lighthouse which insured Defendant Lighthouse Capital Partners, Inc. Long Term Disability Plan. Union also

---

[1] In an ERISA benefits case, the administrative record is reviewed de novo unless the plan itself grants discretion to its administrators. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The parties have stipulated that the Court's standard of review in this case is de novo. Dkt. No. 36 at 1.

served as the claims review fiduciary for the Plan.  Lighthouse is the Plan Administrator.

Plaintiff submitted a claim for disability benefits under the Plan in September 2010, based on wrist, neck, back pain, post-operative shoulder pain, thoracic outlet syndrome, ulnar numbness, and limited spine motion caused by cervical degenerative disc disease and chronic cervical strain. Union granted the claim and paid benefits through November 19, 2010.  Plaintiff appealed Union's 2010 termination, and Union overturned its decision and paid benefits to Plaintiff through October 26, 2012, at which point it terminated her benefits for a second time.  Plaintiff again appealed Union's termination, and Union upheld its decision on two levels of appeal, after which Plaintiff had exhausted her administrative remedies.  Plaintiff filed the present ERISA complaint on February 25, 2014.

On July 25, 2014, Plaintiff served Union with a Notice of Deposition for medical reviewers involved in Plaintiff's claim for benefits and a request for documents.  Dkt. No. 36, Ex. 1; Dkt. No. 38, Ex. 1.  Defendants objected to Plaintiff's requests, and the parties were unable to resolve their disputes.

### III.  LEGAL STANDARD

In conducting a de novo review of an ERISA plan's denial of benefits, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc).  Under this standard, a district court should determine whether the plaintiff is entitled to benefits based on the evidence in the administrative record, and evidence outside the administrative record may only be considered in "certain limited circumstances."  *Opeta v. Nw. Airlines Pension Plan*, 484 F.3d 1211, 1217 (9th Cir. 2007).  "[A] district court should exercise its discretion to consider evidence outside of the administrative record *only* when circumstances *clearly establish* that additional evidence is *necessary* to conduct an adequate de novo review of the benefit decision."  *Id.* (emphasis in original; internal citation and quotations omitted).

In *Opeta*, the Ninth Circuit cited a non-exhaustive list of circumstances in which looking outside the administrative record may be necessary on de novo review:

claims that require consideration of complex medical questions or

> issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Id.* (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993)). In adopting *Quesinberry*, the Ninth Circuit has warned "that 'a district court should not take additional evidence merely because someone at a later time comes up with new evidence' and that '[i]n most cases' only the evidence that was before the plan administrator at the time of determination should be considered." *Id.* (quoting *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995)). Thus, judges in this District have determined that a bare showing of relevance adequate under Federal Rule of Civil Procedure 26 is not sufficient in an ERISA claims decision. *Gonda v. Permanente Med. Grp., Inc.*, 300 F.R.D. 609, 613 (N.D. Cal. 2014); *Brice v. Life Ins. Co. of N. Am.*, 2011 WL 2837745, at *3 (N.D. Cal. July 18, 2011) (quoting *Knopp v. Life Ins. Co. of N. Am.*, 2009 WL 5215395, at *3 (N.D. Cal. Dec. 28, 2009)).

## IV. DISCUSSION

### A. Request for Production of Documents

Of Plaintiff's eight requests for documents, Union objects to Request Nos. 2, 4, 5, 6, and 7.

#### 1. Request No. 2

Plaintiff summarizes that Request No. 2 seeks communications between the parties regarding Plaintiff's claim. She argues that Union is obligated by ERISA to provide her with documents, records, and other information relevant to her claim. Union submits that it has produced any documents generated before the final denial, and that it does not intend to submit or rely on any additional internal documentary evidence at time of trial. Union argues that any documents generated after would involve only communications between counsel with respect to the litigation and therefore would be protected from disclosure by the joint defense privilege. Union further argues that there is no reason why any communication between the Defendants in

1  this case would clarify the claims decision, which was based solely on the medical evidence in the
2  administrative record.
3        The Court agrees that Plaintiff is entitled to her insurance claim file.  However, Plaintiff
4  has not adequately shown why she requires communications between the parties regarding her
5  claim, and the Court is not convinced that this information is necessary for the resolution of this
6  case.  *See Blaj v. Unum Life Ins. Co. of Am.*, 2014 WL 2735182, at *3 (N.D. Cal. June 16, 2014)
7  (denying request for communications between the parties).  Further, "any opinions or memoranda
8  regarding Plaintiff's claim are irrelevant, because any credibility regarding the claim
9  determination is not at issue under the de novo standard of review.  *Id.* (citing *Polnicky v. Liberty*
10 *Life Assurance Co. of Boston*, 2014 WL 969973, at *3 (N.D. Cal. Mar. 5, 2014)).  Accordingly,
11 Plaintiff's request is DENIED.
12     2.     Request No. 4
13       Request No. 4 seeks Union's guidelines, procedures, or rules that were applied to
14 Plaintiff's claim.  In addition to being required under ERISA regulations, Plaintiff argues that
15 these policies are necessary to the district court's decision in that they may highlight other
16 shortcomings in the administrative record requested by Plaintiff and created during Union's
17 decision-making process.  Union argues that these documents have no relevance to the district
18 court's de novo review of the claims decision.
19       Plaintiff is correct that Union must provide documents relied upon by the claims
20 administrator.  *See* 29 C.F.R. § 2560.503-1(g)(v)(A) ("If an internal rule, guideline, protocol, or
21 other similar criterion was relied upon in making the adverse determination, . . . a copy of such
22 rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon
23 request."); *Blaj*, 2014 WL 2735182, at *3.  Thus, as Union is required to produce this information,
24 to the extent that it has not done so, Plaintiff's request is GRANTED.  Union shall produce a copy
25 of any guidelines, procedures or rules that were applied to Plaintiff's claim.  To the extent that
26 Union has already produced all responsive documents, it must merely state that all such
27 documents have been produced.
28

3. Request Nos. 5-7

Concerning Request Nos. 5 through 7, Plaintiff summarizes that she seeks information about Union's relationship with the remaining five medical reviewers that is probative of bias, including performance evaluations, their compensation and bonuses provided by Union, and their contracts with Union. Union objects to the request as to Dr. Engelhardt, Dr. Fleeson, and Dr. Fischer because they are independent contractors, and it therefore does not have employee performance evaluations for these physicians. Union objects to the request as to Dr. Kessler and Dr. Marks because they are not employed by any Defendant, nor do they have any contractual relationship with any Defendant. Union also objects on the grounds that these physicians have the right to maintain the privacy of their personnel files, and there are no competing concerns in this case that override that privacy right.

Given that the opinions of these individuals are not afforded any deference in this action, the Court is not convinced that the district court requires any information regarding performance evaluations, service contracts, or compensation for the medical reviewers. *Blaj*, 2014 WL 2735182, at *4 (denying request for performance evaluations, service agreements and compensation for defendant's employees). Further, there appears to be no question regarding the doctors' qualifications or credibility; rather, Plaintiff claims that they "cherry-picked" the medical records in making their findings. However, the test is "whether each piece of extrinsic evidence was necessary for the district court to conduct an adequate de novo review." *Opeta*, 484 F.3d at 1218. Thus, because the "medical records and the doctors' reports are presumably part of the administrative record, . . . the district court will be able to identify whether certain medical records were cherry-picked during its de novo review." *Blaj*, 2014 WL 2735182, at *4 (citing *Polnicky*, 2014 WL 969973, at *3).

Further, several district courts in this circuit have found that receiving compensation for performing medical reviews is insufficient by itself to be probative of bias. *See, e.g.*, *Blaj*, 2014 WL 2735182, at *4; *Polnicky*, 2014 WL 969973, at *3. Thus, "[i]n the absence of concrete allegations pertaining to qualifications or credibility, the district court will not find an exceptional circumstance warranting additional discovery." *Blaj*, 2014 WL 2735182, at *4 (citing *Brice*, 2011

WL 2837745, at *3).

Accordingly, Plaintiff's request is DENIED.

**B.  Depositions**

Plaintiff's Notice of Deposition named eight medical reviewers involved in her claim for benefits, but she subsequently agreed to withdraw the notice for three.  Dkt. No. 36 at 5.  Union objects to the five that remain, but Plaintiff maintains that she is entitled to evidence pertaining to the bias of reviewing physicians because they "cherry-picked" her medical records and discounted unrefuted evidence of disabling pain.

The Court finds that Plaintiff's allegations of bias are not a valid basis for the requested discovery.  As noted above, the test is "whether each piece of extrinsic evidence was necessary for the district court to conduct an adequate de novo review."  *Opeta*, 484 F.3d at 1218.  Here, because the medical records and the doctors' reports are presumably part of the administrative record, the district court will be able to identify whether certain medical records were cherry-picked during its de novo review.  *Blaj*, 2014 WL 2735182, at *4.  Further, Plaintiff does not question the doctors' qualifications or credibility.  In the absence of concrete allegations pertaining to qualifications or credibility, the Court finds no exceptional circumstance warranting the requested discovery.  *Id.*; *see also Brice*, 2011 WL 2837745, at *3 (citing *Opeta*, 484 F.3d at 1217).  Accordingly, Plaintiff's request is DENIED.

## V.  CONCLUSION

Based on the analysis above, the Court GRANTS Plaintiff's request for Union to respond to Document Request No. 4.  Plaintiff's request is DENIED as to all other requests.

**IT IS SO ORDERED.**

Dated: November 5, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge