UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZABETH HEALY,<br><br>  Plaintiff,<br><br>  v.<br><br>FORTIS BENEFITS INSURANCE COMPANY, et al.,<br><br>  Defendants. | Case No. 14-cv-00832-RS<br><br>**ORDER RE MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST** |

Plaintiff Lizabeth Healy brought this action to challenge a determination that terminated her benefits under a long-term disability insurance policy provided by her former employer. Healy obtained summary judgment in her favor, and now seeks an award of attorney fees. She also requests prejudgment interest at a rate in excess of that ordinarily allowed. Healey's motion has been submitted pursuant to Civil Local Rule 7-1(b) and will be granted in part, and denied in part.

"Lawyers must eat, so they generally won't take cases without a reasonable prospect of getting paid." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Acknowledging that fact, Congress has authorized courts to award reasonable attorney fees and costs to parties who have obtained "some degree of success on the merits" when asserting claims under the Employee Retirement Income and Security Act ("ERISA"). 29 U.S.C. § 1132(g); *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). Here, the parties have appropriately

agreed that an award of fees is warranted under the applicable standards.[1]  The only issue to be adjudicated is the amount of the award.  Healy seeks a fee award of $156,862.50, plus expenses of $6660.34,[2] for a total of $163,522.84.  Defendants contend a reasonable fees and costs award would total $101,785.67.  Accordingly, the amount in controversy is slightly less than $62,000.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Defendants first question whether Healy has met her burden to establish the reasonableness of the hourly rates claimed by counsel.  Defendants acknowledge that plaintiff's lead counsel is "among the preeminent ERISA plaintiff's attorneys in Northern California."  Defendants argue, however, that because counsel represented Healy on a contingency basis, there is a lack of evidence that any clients have paid the claimed hourly rate.  Defendants argue that fee applications in ERISA actions like this are based on an "entire structure" that is "a fiction."  Counsel submit declarations from other attorneys opining about fees rates that are never actually charged, and courts award fees without, in defendants' view, adequate evidence of what prevailing rates actually are for clients who pay on an hourly basis.  While defendants' concern about "phantom rates" is not frivolous, they have not shown that the claimed rates are unreasonable in the context of a practice area that generally involves contingent rather than hourly fees.  Healy has made a sufficient showing that the hourly rates claimed by her attorneys are reasonable.

Review of the billing records submitted in support of the motion establishes that the hours

---

[1]  To assess whether an attorney's fee award is appropriate in disputed cases, courts consider five factors with an eye toward "protecting participants in employee benefit plans":  "(1) the degree of the opposing parties' culpability or bad faith"; (2) the opposing party's ability to pay the award; "(3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all plan participants or resolve a significant legal question; and (5) the relative merits of the parties' positions." *McElwaine v. US W., Inc.*, 176 F.3d 1167, 1172 (9th Cir. 1999) (quoting *Hummell v. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980)).

[2]  Healy's reply brief concedes that $46.60 in non-recoverable meal expenses should be deducted from the original claim for costs.

claimed generally are reasonable, and that defendants' arguments to the contrary are not compelling.  First, while there is no dispute that attorney fees incurred during the administrative review phase of an ERISA matter are not recoverable, *see Cann v. Carpenters' Pension Trust Fund for N. Cal.*, 989 F.2d 313, 316 (9th Cir. 1993), Healy has made an adequate showing that her fee claim is limited to time incurred in preparation of this action, even though the administrative proceeding may have been ongoing.

Next, while this action ultimately was adjudicated on the administrative record, there is no categorical basis to preclude Healy from recovering fees expended in pursuit of discovery.  *See Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991) ("Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war.")

Finally, because the billing records reflect that counsel has exercised billing judgment, defendants' complaints that more than one attorney was present at certain events, that some billing entries arguably lack detail, and that plaintiffs are seeking "fees on fees" all fail to present grounds for excising specific entries from the fee claim.  Similarly, with the exception of the meal costs that Healy acknowledges are not recoverable, the costs claimed are appropriate.   Accordingly the motion for fees will be granted be the amount of $156,862.50, together with expenses of $6,660.34.

Healy also requests prejudgment interest at a rate of 10%.  A district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assur. Co.*, 486 F.3d 620, 627-628 (9th Cir. 2007) (citations omitted). While the formula prescribed for post-judgment interest under 28 U.S.C. § 1961 may be used to calculate the rate of prejudgment interest, the Court may award a higher rate of interest if "the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001).  Here Healy argues that historically low interest rates render the usual rate insufficient to compensate her for her losses.  She has not, however, presented any evidence or argument of specific injuries that would compel a departure from that rate.  Accordingly, Healy may recover prejudgment and post-

...

judgment interest at the ordinary rate, but her motion regarding interest is otherwise denied.

**IT IS SO ORDERED**.

Dated:  May 2, 2015

_____
RICHARD SEEBORG
United States District Judge